10-1255-ag
Xu v. Holder

BIA
DeFonzo, IJ
A094 048 617

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of December, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
>> *Circuit Judges*.

_____

MING ZHANG XU,
> *Petitioner*,

v.                                                           10-1255-ag
                                                             NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Ke-en Wang, Law Offices of Siegel Wang & Associates, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Russell J. Verby, Senior Litigation Counsel; Nancy K. Canter, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ming Zhang Xu, a native and citizen of the People's Republic of China, seeks review of a March 4, 2010, decision of the BIA affirming the April 16, 2008, decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Zhang Xu*, No. A094 048 617 (B.I.A. Mar. 4, 2010), *aff'g* No. A094 048 617 (Immig. Ct. N.Y. City Apr. 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

By failing to raise any argument in his brief, Xu waives any challenge to the IJ's adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7

-2-

(2d Cir. 2005).  The IJ's adverse credibility determination alone was dispositive of Xu's application for asylum, withholding of removal, and CAT relief.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) (holding that to establish asylum eligibility based on future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (holding that when the asylum, withholding of removal, and CAT claims are based on the same factual predicate, a credibility ruling necessarily forecloses relief in each); *see also Steevenez v. Gonzales*, 476 F.3d 114, 118 (2d Cir. 2007) (denying a petition for review because petitioner failed to challenge a dispositive ground for relief).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk